## SUPREME COURT.

### Luce agt. Trempert, Urban and Wife.

Where defendant's attorney served notice of retainer and demand of copy complaint at two several times, (for several defendants,) upon plaintiff's attorney; and after twenty days had elapsed from the first service, but not twenty days from the last, he moved to dismiss the complaint for want of service—*held*, that on proof of service of the first notice and demand, the defendant was entitled to move, without waiting for the expiration of twenty days from the last service.

In ordinary cases, the practice, as settled, allows twenty days for service of copy complaint, after demand.

*Erie Special Term, Dec.* 1850. Motion by defendants to dismiss the complaint on the ground that the attorney for plaintiff did not deliver copy complaint to defendants' attorney, as demanded.

The summons was dated October 25, 1850, and was personally served on Trempert and Mrs. Urban, Nov. 8, 1850. The defendants' attorney served notice of retainer for Trempert and Mrs. Urban, and demanded copy complaint, Nov. 1, 1850. And on the 9th Nov., defendants' attorney served another notice of retainer and demand of copy complaint for all the defendants, which plaintiff's attorney neglected to serve. On the

Luce agt. Trempert, Urban and wife

21st Nov. defendants' attorney served notice of motion to dismiss the complaint, for the reason that the plaintiff's attorney did not serve his complaint as demanded. The moving papers showed that only twelve days had elapsed between the date of the last demand of copy complaint, and service of notice of the motion.

J. D. GROS, *for Motion.*
JOHN GANSON, *Opposed.*

SILL, Justice. Granted the motion, with $10 costs. And after the defendants' counsel had left court, the plaintiff's counsel called the attention of the court to the fact that there was not *twenty* days between the last demand of complaint and service of notice of motion; the judge thereupon directed the clerk not to enter the rule, and to give notice to defendants' counsel to come into court again, and on his appearing, the judge remarked, that there had been a mistake made in granting the motion, for the reason that twenty days had not intervened between the date of demand of complaint and service of notice of motion. Defendants' counsel remarked that such was not the fact, although the moving papers did not show it, and he thereupon produced the admission of plaintiff's attorneys, of service of notice of retainer, dated Nov. 1, 1850, which showed that twenty days had elapsed. And also cited 4 *How. Pr. R.* 306, Littlefield agt. Murin, in which it was required that the complaint should be served within a *reasonable time,* and that twenty-four hours would ordinarily be sufficient. The judge then said, that although the moving papers did not show that twenty days had elapsed, yet that the admission of service of plaintiff's attorney, dated Nov. 1, 1850, did show that the defendants' attorney was entitled to move at any rate, and he would not therefore disturb the decision first made. And remarked, that after the twenty-four hour rule had appeared, he dissented from the decision, and then held a correspondence with Justice ALLEN upon the subject; and it was agreed that thereafter, in all cases, they should hold that twenty days must be the time allowed to plaintiffs to serve complaint after demand.